U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REYES,<br>    *Plaintiff,* | )<br>)  CASE NO: 3:19-cv-01206-JAM<br>) |
| V. | )<br>) |
| IC SYSTEM, INC.,<br>    *Defendant.* | )  SEPTEMBER 25, 2019<br>) |

## DEFENDANT IC SYSTEM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Paul Reyes' ("Plaintiff" or "Reyes") allegations against IC System, Inc. ("Defendant" or "IC System") fail to state a claim upon which relief can be granted, as a duplicate credit entry cannot be the basis of a claim pursuant to 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's sole claim rests on § 1692e(10), which prohibits false or deceptive practices. The accurate reporting of a debt, even if duplicated, does not implicate the FDCPA. As such, Plaintiff's Complaint dated August 5, 2019 ("Complaint") must be dismissed.

### I.    FACTUAL BACKGROUND

Plaintiff admits that he was delinquent on his cable bill with DirecTV. Compl. ¶ 7. Plaintiff alleges that IC System placed a credit entry regarding his delinquent debt. Compl. ¶ 9. Plaintiff further alleges that Receivables Performance Management also reported the same debt. Compl. ¶ 9. Plaintiff claims that IC System reporting his debt was duplicative and therefore "false, deceptive, and misleading conduct." Compl. ¶ 13.

### II.    ARGUMENT

#### A.    Legal Standard

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In

1

considering a 12(b)(6) Motion to Dismiss, the Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d. Cir.2008) (citations omitted). However, the court need not "accord legal conclusions, deductions or opinions couched as factual allegations." *See In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir.2007) (internal quotations and citation omitted). The Court also need not credit conclusory statements that are unsupported by factual assertions or legal conclusions presented as factual allegations. *See Rockaway Beverage, Inc. v. Wells Fargo & Co.*, 378 F. Supp. 3d 150, 160.

### B. Plaintiff Fails to Allege False or Misleading Collection Practices by ICS

Plaintiff fails to allege a violation of 15 U.S.C. § 1692e(10) against ICS because the behavior alleged is not false or deceptive. Instead, Plaintiff admits that he owed a debt and that it was accurately reported, but merely claims that two entities reported it separately. Accordingly, Plaintiff's complaint must be dismissed because there is no false or deceptive component to allegations of duplicative reporting.

Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Several courts have confronted virtually identical allegations and held that they do not fall within § 1692e(10). *See Macias v. Credit Control, LLC*, 2017 U.S. Dist. LEXIS 92630, *13 (N.D. Ill. Jun. 16, 2017); *Frierson v. States Recovery Sys.,* 2017 U.S. Dist. LEXIS 90841, *6-7 (E.D. Cal. Jun. 12, 2017); *Gustafson v. Experian Info. Solutions, Inc.*, 2015 U.S. Dist. LEXIS 71280, *23 (C.D. Cal. Jun. 2, 2015); *Kohut v. Trans Union, LLC*, 2004 U.S. Dist. LEXIS 15724, *2-3 (N.D. Ill. Aug. 9, 2004). Court's regularly

dismiss such claims because there is no false or deceptive component to allegations of duplicative reporting.

For instance, the plaintiff in *Kohut* "was distressed by duplicate entries on his credit report." *Kohut v. Trans Union, LLC*, 2004 U.S. Dist. LEXIS 15724, *2-3 (N.D. Ill. Aug. 9, 2004). The claim was dismissed however, as "the court's analysis . . . begins and ends with [the] argument that [the] claim under §§ 1692e and 1692e(10) must fail because [the plaintiff] did not allege that [the defendant's] report to TransUnion was inaccurate." *Id.* at *7. The court further held that the fact that the report was true "sounds the death knell for Kohut's FDCPA act claim . . . because it is not false, deceptive, or misleading . . . to tell a consumer credit reporting agency that it attempted to collect a debt that [the plaintiff] concedes is valid even if that leads to two records relating to the same debt in [the plaintiff's] credit report." *Id.* at *8. Plaintiff Reyes alleges precisely the same circumstance.

Plaintiff's allegations are virtually identical to those in *Gustafson*, in which the court held that:

> [Plaintiff's] only arguments are conclusive, unsupported statements that [defendant] violated the FDCPA and RFDCPA by reporting duplicative and inaccurate information. As discussed above, because [plaintiff] cannot show there is a genuine dispute with regard to the accuracy of the information [defendant] reported or Experian's ability to report the tradelines, [plaintiff's] FDCPA and RFDCPA claims also fail as a matter of law.

*Gustafson v. Experian Info. Solutions, Inc.*, 2015 U.S. Dist. LEXIS 71280, *23 (C.D. Cal. Jun. 2, 2015). The accuracy of the duplicate debt renders § 1692e inapplicable. *See Macias v. Credit Control, LLC*, 2017 U.S. Dist. LEXIS 92630, *13 (N.D. Ill. Jun. 16, 2017) ("[A] debt collector is legally permitted to report the same debt that an original creditor has already reported."); *Frierson v. States Recovery Sys.*, 2017 U.S. Dist. LEXIS 90841, *6-7 (E.D.

3

Cal. Jun. 12, 2017) ("The fact that defendant reported two tradelines for plaintiff's SMUD debt is, without more insufficient to establish a section 1692e claim."). Plaintiff's Complaint must be dismissed since it fails to state a claim under 15 U.S.C. § 1692e(10).

## III. CONCLUSION

Because Plaintiff's allegations do not give rise to a claim pursuant to 15 U.S.C. § 1692e(10), the sole count of the Complaint fails to state a claim for which relief can be granted. Therefore, IC System respectfully requests that the Court grant its Motion and dismiss the Complaint in its entirety with prejudice.

                                                RESPECTFULLY SUBMITTED,
                                                DEFENDANT,
                                                IC SYSTEM, INC.

By  */s/ Thomas C. Blatchley*
    Thomas C. Blatchley
    Andrew D. Bullard
    Gordon & Rees Scully Mansukhani, LLP
    95 Glastonbury Boulevard, Suite 206
    Glastonbury, CT 06033
    Phone: 860-494-7525
    Fax: 860-560-0185
    Email: tblatchley@grsm.com
    Email: abullard@grsm.com

**<u>CERTIFICATION</u>**

I hereby certify that on this 25th day of September, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings.  Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas C. Blatchley_____
Thomas C. Blatchley