U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REYES,<br>    *Plaintiff,* | )<br>)<br>) CASE NO: 3:19-cv-01206-JAM |
| V. | )<br>)<br>) |
| IC SYSTEM, INC.,<br>    *Defendant.* | )<br>) OCTOBER 31, 2019<br>) |

**DEFENDANT IC SYSTEM, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's sole claim rests on 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits false or deceptive practices. Plaintiff's Opposition to IC System, Inc.'s Motion to Dismiss fails to explain how a duplicate, but accurate, credit entry reported once by IC System can possibly be the basis of a claim pursuant to § 1692e(10).

The accurate reporting of a debt, even if duplicated, does not implicate the FDCPA. There are no allegations of any false or deceptive practices engaged in by IC System when it reported the debt assigned by DirecTV, nor does Plaintiff argue in his Opposition that it was false or deceptive. Instead, Plaintiff's argument is that if IC System's Motion is granted, a *creditor* could somehow be permitted to harass a debtor by assigning the debt to multiple entities for multiple debt entries without violating § 1692e(10). This hypothetical conduct by *creditors* is irrelevant to the proper reporting of a debt by IC System, a *debt collector*.

It is important to note, Plaintiff does not dispute that a debt collector may report a duplicate entry when assigned a debt by a creditor who has already reported it. Instead, Plaintiff (apparently) claims that if two debt collectors are assigned the same debt, they cannot report it. The case law cited by IC System in its Memorandum in Opposition (Dkt. No. 13), however, is clear that a debt collector may report a debt once it has been assigned.

IC System has pointed to numerous decisions holding that 15 U.S.C. § 1692e(10) does not prohibit duplicate reporting of debts as long as the reporting is accurate. Plaintiff, however,

cites to three decisions finding a potential violation where: (1) a debt collector reported the same debt twice; or (2) a creditor reports a debt and then assigns the debt for collection knowing it will be reported. Neither fact pattern applies to this case.

First, Plaintiff relies on *Akalwadi*, despite the fact that it featured *the same debt collector* reporting the same debt, under different account numbers, and admitting that this duplicate reporting was in error. *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 (D. Md. 2004) ("RMA concedes that there was an error and Akalwadi's collection account was reported to Equifax twice, by two different RMA office locations, under two separate account numbers."). Similarly, the decision in *Morris* concerned accidental double reporting by the same entity. *See Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 339 (N.D. Ill. Apr. 13, 2001) ("As a result, RMA reported to the credit reporting agencies that a debtor from whom it was attempting to collect one debt owed two or more debts"). There is no allegation that IC System reported the same debt twice.

Then, Plaintiff relies on *Cook* for the proposition that two entities reporting the same debt is misleading. *Cook,* however, only found wrongdoing by the creditor that reported the debt and then assigned it to a debt collector. It did not hold there was any false or misleading act by the debt collector. *See Cook v. Mt. Am. Fed. Credit Union*, 2018 U.S. Dist. LEXIS 130478, *9 (D. Ariz. Aug. 3, 2018) ("Mountain America is reporting the $13,651 debt that has been assigned to a debt collector, knowing that the debt collector will report the debt as well."). *Cook* does not apply here because there is no allegation that DirecTV also reported the debt prior to assigning the delinquent account to a debt collector. Rather, Plaintiff alleges DirecTV assigned the debt to two separate debt collectors, and the two debt collectors separately reported delinquent account. *See Compl.* at ¶¶ 9-11.

While Plaintiff claims the facts in this case "presents the same issues as *Cook* and *Akalwadi*" because "there are two debt collectors reporting that [a plaintiff] owes a balance at the same time[;]" neither *Cook*, nor *Akalwadi*, share this fact pattern. As noted, *Akalwadi* featured

2

duplicate reports by the *same debt collector*, while *Cook* concerned a creditor who reported a debt *and then assigned it* knowing it would have to be reported by the debt collector.

Notably, Plaintiff does not dispute the validity of *Macias v. Credit Control, LLC*, 2017 U.S. Dist. LEXIS 92630, *12 (N.D. Ill. Jun. 16, 2017), which noted that "as the new owner of the debt, [the debt collectors] were legally permitted to report the debt if they chose to do so." Thus, the debt collector who properly reports a debt is not committing a false or misleading act.

Plaintiff raises the specter of creditors using multiple debt collectors to assert pressure against debtors as a public policy argument in his favor. Plaintiff's Complaint, however, and the analysis in his Opposition suggest that his concern is not that *debt collectors*, like IC System, are doing anything inherently wrong, but that *creditors* may abuse the process.

Plaintiff's theory is misplaced. IC System's Motion to Dismiss simply seeks dismissal of a claim for false or deceptive practices brought pursuant to 15 U.S.C. § 1692e(10). Plaintiff fails in his complaint and opposition to assert any theory that IC System engaged in conduct that was false, misleading, or deceptive, and the Complaint must therefore be dismissed.

Because Plaintiff's allegations do not give rise to a claim pursuant to 15 U.S.C. § 1692e(10), the sole count of the Complaint fails to state a claim for which relief can be granted. Therefore, IC System respectfully requests that the Court grant its Motion and dismiss the Complaint in its entirety with prejudice.

        RESPECTFULLY SUBMITTED,
        DEFENDANT,
        IC SYSTEM, INC.


By  */s/ Thomas C. Blatchley*
    Thomas C. Blatchley
    Andrew D. Bullard
    Gordon & Rees Scully Mansukhani, LLP
    95 Glastonbury Boulevard, Suite 206
    Glastonbury, CT 06033
    Phone: 860-494-7525
    Fax: 860-560-0185
    Email: tblatchley@grsm.com
    Email: abullard@grsm.com

**<u>CERTIFICATION</u>**

I hereby certify that on this 31st day of October, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas C. Blatchley
Thomas C. Blatchley