# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REYES,<br>*Plaintiff*, | |
| v. | No. 3:19-cv-01206 (JAM) |
| IC SYSTEM, INC.,<br>*Defendant*. | |

## ORDER GRANTING MOTION TO DISMISS

The Fair Debt Collection Practices Act (FDCPA) provides in relevant part that a debt collector may not use false, misleading, or deceptive means to attempt to collect a debt. *See* 15 U.S.C. § 1692e. This case asks how this provision of the FDCPA applies when two different debt collectors make reports for the same debt to a credit reporting agency. On the basis of the bare-bones allegations of the complaint filed in this case, I conclude that the plaintiff has failed to allege sufficient facts to show that the defendant used false, misleading, or deceptive means to attempt to collect a debt.

### BACKGROUND

The complaint alleges that plaintiff Paul Reyes was delinquent on a cable bill with DirecTV and that at some point in time defendant IC System, Inc. ("ICS") began collecting on this debt on behalf of DirectTV. On June 1, 2019, Reyes reviewed his credit report, and he noticed a credit entry from ICS seeking to collect $254. He also noticed on the same credit report an entry for $254 from another debt collector for the same debt.

Reyes alleges that the duplicative reporting of the same delinquent debt hurt his credit score. He further alleges that ICS violated the FDCPA by engaging in false, deceptive, or misleading conduct as a result of its duplicative contribution to the credit report. The complaint

1

names only ICS as a defendant; it does not name as a defendant the other debt collector who reported the same debt to the credit reporting agency. ICS has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**DISCUSSION**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court need not accept allegations that couch legal conclusions in the form of factual allegations or that are otherwise conclusory. *See Hernandez*, 939 F.3d at 198. In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a facially plausible claim for relief.

The FDCPA provides in relevant part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It goes on to list numerous examples of prohibited conduct including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10); *see generally Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015).

ICS argues that the complaint does not allege facts to plausibly show that it used any false, deceptive, or misleading means to attempt to collect a debt. I agree. To begin with, Reyes does not dispute that he owes $254 as allegedly reported by ICS to the agency that issued his

credit report. Even if another debt collector opted to report the same debt to the credit reporting agency, this does not mean, without more, that ICS's otherwise truthful report was false, deceptive, or misleading. "[I]t is not false, deceptive, or misleading for [a debt collector] to tell a consumer credit reporting agency that it attempted to collect a debt that [plaintiff] concedes is valid even if that leads to two records relating to the same debt in [plaintiff's] credit report." *Kohut v. Trans Union, LLC*, 2004 WL 1882239, at *3 (N.D. Ill. 2004); *see also Macias v. Credit Control, LLC*, 2017 WL 2619145, at *3 (N.D. Ill. 2017) (noting that "courts in this District have held that debt collectors do not violate the FDCPA when they report a debt, even if another entity has already made a credit bureau report about the same debt").[1]

The complaint contains no allegations that ICS's report was misleading to its only recipient—the credit reporting agency—or led to a false statement in the resulting credit report. Indeed, the complaint is consistent with a credit report that stated, truthfully, that two different debt collectors were seeking the same debt and the credit reporting agency elected, for the purposes of its own reporting, to report the facts of those two collection attempts as representing twice the debt burden. In such a situation, there would be by definition no "false or misleading" representation actionable under the FDCPA. As it is, then, the complaint at best raises only the "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Moreover, although Reyes alleges that he has been harmed by the duplicative reporting of a single debt on his credit report, he does not allege whether it was ICS or the other debt collector who first reported the debt to the credit reporting agency. This is fatal to Reyes's claim because, even assuming that a credit report containing duplicative debt data can be said to be

---

[1] Plaintiff misplaces his reliance on *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 (D. Md. 2004), because it involved a *single* debt collector's double reporting of the same debt to a credit reporting agency, and from which it could be inferred that the debt collector used misleading and deceptive means to collect a debt by functionally overstating the amount of debt that was owed.

false, misleading, or deceptive in nature, the statute requires more than that to prove a violation: it requires that the debt collector "use" such improper means to attempt to collect a debt. 15 U.S.C. § 1692e(10); *cf. Vincent v. The Money Store*, 736 F.3d 88, 98-99 (2d Cir. 2013) (discussing "use" in the context of the FDCPA). If ICS was the first debt collector to report the debt, then there are no grounds to plausibly conclude that ICS was responsible for any subsequent duplicative reporting by another debt collector and thus that ICS tried to "use" a false representation to collect a debt from Reyes. The only "use" of the report to the credit reporting agency in this situation would be completely true: that ICS was collecting a $254 debt.

## CONCLUSION

For the foregoing reasons, I conclude that plaintiff Reyes has failed to plausibly allege that defendant ICS used any false, misleading, or deceptive means to attempt to collect a debt. Accordingly, defendant ICS's motion to dismiss is GRANTED without prejudice to plaintiff Reyes' filing of an amended complaint by January 3, 2019.[2]

Dated at New Haven this 3d day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[2] In any amended complaint, Reyes is encouraged to plead facts concerning the date(s) on which he claims he was injured by the alleged unlawful conduct. *See Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78-83 (2d Cir. 2019).