UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REYES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IC SYSTEM, INC.<br><br>　　　　Defendant. | )　Case No.:  3:19-cv-01206-JAM<br>)<br>)　**PLAINTIFF'S MOTION TO ENFORCE**<br>)　**SUBPOENA AND COMPEL**<br>)　**TRANSUNION TO PROVIDE**<br>)　**RESPONSIVE DOCUMENTS AND**<br>)　**DEPOSITION TESTIMONY**<br>)<br>)<br>) |

Plaintiff, Paul Reyes, by and through undersigned counsel, hereby moves to compel TransUnion LLC. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see E. Point Sys. v. Steven Maxim, S2K, Inc.*, 2015 U.S. Dist. LEXIS 56450, 2015 WL 1971453, at *2 (D. Conn. 2015) ("This Court has the authority under Fed. R. Civ. P. 45(d)(2)(B)(i) to compel compliance with a subpoena").

### A.  <u>NOTICE</u>

On April 5, 2021, Plaintiff's counsel issued a subpoena to TransUnion's counsel Kevin Bennett at Schuckit & Associates, inquiring whether he would accept service. Exhibit A, B. On April 16, 20201, Mr. Bennett confirmed he had passed the subpoena on to Transunion and would provide a response shortly. *See* Exhibit B. Just to ensure there was no issue with proper service, Mr. Zemel also had a copy of the subpoena sent by certified mail on April 20 to 555 West Adams, Chicago, Illinois. This subpoena was delivered on April 26. Exhibit C.

Plaintiff's counsel had numerous emails and conversations with Mr. Bennett in an attempt to obtain the necessary documents and testimony; however, to date, Mr. Bennett has not responded to calls or emails in the last two weeks, despite the fact Mr. Zemel indicated he would need to move to compel the testimony and information if it was not provided.

Given this, Plaintiff now seeks to enforce the subpoena and compel responsive documents and deposition testimony from TransUnion in regarding to Plaintiff's account.

### B. RELEVANCE OF DOCUMENTS

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8 (S.D.N.Y. 2003); *see Salvatorie Studios, Int'l v. Mako's, Inc.*, 2001 U.S. Dist. LEXIS 11729, 2001 WL 913945, at *1 (S.D.N.Y. 2001). Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1). *See Krys v. Sugrue (In re Refco Secs. Litig.)*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *see Ford Motor Credit Co. v. Meehan*, 2008 U.S. Dist. LEXIS 53192, 2008 WL 2746373, at *4 (E.D.N.Y. 2008); *During v. City Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 53684, 2006 WL 2192843, at *82 (S.D.N.Y. 2006).

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, 2015 U.S. Dist. LEXIS 170734, 2015 WL 9413101, at *2 (E.D.N.Y. 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs

of the case.'") (internal citation omitted). Although the documents are sought pursuant to Rule 45, rather than Rule 34, the logic regarding Rule 34 can be instructive. *See New Falls Corp. v. Soni*, 2018 U.S. Dist. LEXIS 111953, at *13-14 (E.D.N.Y. 2018). Document requests can be sought from a party who has "retained any *right or ability to influence* the person in whose possession the documents lie." *N. Mariana Islands v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (internal quotations omitted) (emphasis in original); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997); *accord In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006). The documents sought by Plaintiff are "relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8. In fact, during proceedings with the Court, Plaintiff specifically spoke concerning the need for documents from TransUnion, and was instructed by the Court to provide those documents to Defendant.

      TransUnion was properly served through counsel and through certified mail. TransUnion was requested to produce documents via email and to provide deposition availability or to appear for a deposition by zoom on April 26, 2021. While some documents were provided, the testimony sought by Plaintiff has not been addressed and as such it is unclear if further documents are necessary. This testimony is relevant and important to Plaintiff's case because TransUnion is the credit bureau which was reporting the inaccurate credit information on Mr. Reyes which resulted in Mr. Reyes' termination came from TransUnion. Defendant ICS and RPM, the two debt collectors simultaneously reporting on this account, were furnishing credit information on Mr. Reyes to TransUnion. Further, Defendant ICS claims to have sent communications to TransUnion but could not produce evidence of this transmission; therefore, Plaintiff seeks the information from TransUnion. As such, Plaintiff needs additional information

from TransUnion regarding what was reported by Defendant and RPM. These topics are directly tied to Plaintiff's claims and as these are internal TransUnion documents, Plaintiff cannot obtain these documents from any other party.

    In addition to document production within the subpoena, Plaintiff also seeks a deposition by zoom. The deposition is essential to understanding TransUnion's documents, whether it received any correspondence from Defendant, and if so, when. Further, TransUnion will be able to testify concerning the information Defendant transmitted as it relates to the account number. Plaintiff has presented evidence which contradicts statements from the Defendant concerning what was transmitted to TransUnion. Only TransUnion can testify to this, and therefore, a deposition is essential on this issue as well.

    As such, Plaintiff respectfully requests the Court for an order enforcing Plaintiff's subpoena against TransUnion so that Plaintiff may obtain the relevant and necessary documents and testimony sought.

Dated: June 8, 2021                                            Respectfully Submitted,

                                                              BY: /s/ Daniel Zemel
                                                              Daniel Zemel, Esq.
                                                              Zemel Law LLC
                                                              660 Broadway
                                                              Patterson, New Jersey 07514
                                                              T: 862.227.3106
                                                              dz@zemellawllc.com
                                                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2021 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Daniel Zemel

Daniel Zemel, Esq.